USDS SDNY
DOCUMENT
ELECTRONICALLY FILED    DEC 1 5 2008
DOC #: _____
DATE FILED: 12/16/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

                    Plaintiff,

- v. -

FHC DELAWARE, INC. (formerly known as
FINE HOST CORPORATION,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ECF CASE

08 Civ. 10854 (JGK)

STIPULATION AND ORDER
OF SETTLEMENT AND
DISMISSAL

       WHEREAS, the United States, by its attorney, Lev L. Dassin, Acting United States Attorney for the Southern District of New York, filed a Complaint (the "Complaint") against defendant FHC Delaware, Inc. (formerly known as Fine Host Corporation) ("defendant") under the False Claims Act, 31 U.S.C. §§ 3729-3733 (the "False Claims Act"), and the common law, alleging, inter alia, that, from in or about 1998 until September 2002, defendant knowingly presented, or caused to be presented to the United States false or fraudulent claims in connection with the National School Lunch Program established by Congress and administered by the United States Department of Agriculture, Food and Nutrition Service, as more specifically described in the Complaint;

       WHEREAS, this Stipulation and Order of Settlement and Dismissal ("Stipulation and Order") covers i) all of the claims alleged in the Complaint against defendant; and ii) any claims which could be asserted by the United States against defendant under the False Claims Act or common law arising from the fraudulent addition of costs to invoices for services rendered or

goods provided to schools or school districts supervised out of defendant's former office in Ronkonkoma, New York (collectively, the "Covered Conduct");

WHEREAS, defendant hereby appears and consents to the entry of this Stipulation and Order, without admitting any wrongdoing or liability under the False Claims Act and the common law;

WHEREAS, to avoid the delay, expense, uncertainty, and inconvenience of protracted litigation, the parties desire to reach a full and final compromise of the claims that the United States asserts in this action;

NOW, THEREFORE, the parties, in consideration of the promises, obligations, undertakings and commitments hereinafter set forth, hereby agree as follows:

1.  The parties do not contest this Court's exercise of subject matter jurisdiction over this action and personal jurisdiction over each of them.

2.  Defendant denies any liability or wrongdoing and this Stipulation and Order shall not in any way be construed as an admission or acknowledgment of any liability or wrongdoing by defendant.

3.  Defendant consents to the entry of a judgment (in the form attached hereto as Exhibit A) against it and in favor of the United States, in full compromise and satisfaction of the allegations set forth in the Complaint, for the sum of three million, five hundred fifty-seven thousand, four hundred and seventy-four dollars ($3,557,474.00) (the "Settlement Amount"). The Settlement Amount shall constitute a debt due and owing to the United States upon the date the

Court enters this Stipulation and Order and is to be discharged by payment of the Settlement Amount by defendant to the United States within fourteen calendar days of that date. Payment shall be made by electronic wire transfer pursuant to written instructions provided by the United States to defendant.

4.  Defendant shall be in default of this Stipulation and Order if it fails to pay the Settlement Amount within fourteen days of the date the Court enters this Stipulation and Order. If defendant so defaults, the United States, at its option, may (a) rescind the Stipulation and Order and reinstate the Complaint; (b) seek specific performance of the Stipulation and Order; (c) offset the remaining unpaid balance of the Settlement Amount from any amounts due and owing defendant by any department, agency or agent of the United States at the time of default; or (d) exercise any other rights granted by law, or under the terms of the Stipulation and Order, or recognizable at common law or in equity. Defendant agrees not to contest any collection action undertaken or offset imposed by the United States pursuant to this paragraph. In addition, defendant shall pay the United States all reasonable costs of collection and enforcement under this paragraph, including attorneys' fees and expenses. In the event that the United States opts to rescind this Stipulation and Order, defendant agrees not to plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any claims which relate to the Covered Conduct, except to the extent that these defenses were available on the date the Court enters this Stipulation and Order.

5. Subject to the exceptions set forth in Paragraph 7 below, and in consideration of and conditioned upon the obligations of defendant as set forth in this Stipulation and Order, the United States, on behalf of itself, its officers, agents, agencies and departments, agrees to release defendant and its current and former officers, employees, directors, agents, shareholders and affiliates from any civil monetary claim the United States has or may have under the False Claims Act or the common law relating to the Covered Conduct.

6. Defendant agrees to release the United States, and its agencies, departments, employees, servants and agents, from any claims (including attorneys' fees, costs, and expenses of any kind and however denominated), which defendant has asserted, could have asserted, or may assert in the future against the United States or its agencies, departments, employees, servants and agents related to the Covered Conduct and the United States' investigation and prosecution thereof, and this Stipulation and Order.

7. Notwithstanding any term of this Stipulation and Order, including the releases provided in Paragraphs 5 and 6, any and all of the following are specifically reserved and excluded from the scope and terms of this Stipulation and Order:

    a. Any civil, criminal or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

    b. Any criminal liability;

    c. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

       d.      Any liability based upon such obligations as are created by this Stipulation and Order;

       e.      Any criminal or civil liability to the United States (or its agencies) of Craig Ballesteras, a former regional vice president of defendant, in his personal capacity; and

       f.      Any liability to the United States of any person or entity, including but not limited to any joint tortfeasor, who or that is not released by the terms of this Stipulation and Order.

       8.      Defendant covenants to cooperate fully and truthfully with the United States' continuing investigation of any individuals or other entities for the Covered Conduct. Upon reasonable notice, defendant will make reasonable efforts to facilitate access to, and encourage the cooperation of, its current or former officers and employees for interviews and testimony, consistent with the rights and privileges of such individuals, and will furnish to the United States, upon reasonable request, all non-privileged documents and records in its possession, custody or control relating to the Covered Conduct. Defendant or its designee will retain all material records relating to the Covered Conduct in their original form for two years from the execution of this agreement. Before the expiration of the two-year period and before disposing of any records covered by this subparagraph, defendant will consult with the United States Attorney's Office, Southern District of New York concerning the continuing needs for preserving such records.

9. Nothing in this Stipulation and Order constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

10. This Stipulation and Order is governed by the laws of the United States. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation and Order will be the United States District Court for the Southern District of New York.

11. This Stipulation and Order constitutes the complete agreement between the parties and may not be amended except by written consent of the parties.

12. Subject to the exceptions in Paragraph 7 above, and in consideration of and conditioned upon the obligations of defendant as set forth in this Stipulation and Order, this action is hereby dismissed with prejudice, with each party to bear its own attorneys' fees and costs incurred in connection with this matter, including but not limited to costs incurred in connection with the preparation and performance of this Stipulation and Order. Notwithstanding the previous sentence, this Court shall retain jurisdiction over this Stipulation and Order and over each party to the extent the obligations herein remain unsatisfied by that party.

13. The persons signing this Stipulation and Order on behalf of defendant represent and warrant that they are authorized by defendant to execute this Stipulation and Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity.

14. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

DATED: New York, New York
November 10, 2008

                                      MICHAEL J. GARCIA
                                      United States Attorney for the
                                      Southern District of New York
                                      Attorney for the United States of America

By: _____
      ROSS E. MORRISON
      Assistant United States Attorney
      86 Chambers Street, 3rd Floor
      New York, New York 10007
      Telephone: (212) 637-2691
      Facsimile: (212) 637-2686
      E-mail: ross.morrison@usdoj.gov

DATED: New York, New York
November 7, 2008

                                      FINE HOST CORPORATION

By: _____
Title: Director

DATED: New York, New York
November 14, 2008

By: /s/ Robert H. Hotz, Jr.

AKIN GUMP STRAUSS HAUER & FELD LLP
Attorneys for defendant Fine Host Corporation

Douglas B. Maynard, Esq.
Robert H. Hotz, Jr., Esq.
One Bryant Park
New York, New York 10036
Telephone: (212) 872-1019
Facsimile: (212) 872-7539
E-mail: dmaynard@akingump.com
        rhotz@AkinGump.com

SO ORDERED:

/s/ John G. Koeltl
United States District Judge

12/15/08